# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 4, 2023

Lyle W. Cayce
Clerk

————————

No. 22-40094
Summary Calendar

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Casey Olvera,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CR-988-1

_____

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Casey Olvera appeals the 120-month sentence imposed following his guilty-plea conviction for possession with intent to distribute marijuana. Olvera argues that the district court erred by determining that he was ineligible for relief under the safety-valve provision of 18 U.S.C. § 3553(f). In particular, he asserts that the word "and" in § 3553(f)(1) should be

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40094

interpreted to mean that a defendant is ineligible for safety-valve relief only if all three disqualifying conditions apply and, based on that interpretation, that he is eligible for relief because he did not have more than four criminal history points or a prior two-point violent offense under § 3553(f)(1)(A) and (C).

The Government has filed an unopposed motion for summary affirmance, or, alternatively, for an extension of time to file its brief. The Government correctly asserts that the issue is foreclosed by *United States v. Palomares*, 52 F.4th 640 (5th Cir. 2022), *petition for cert. filed* (U.S. Dec. 21, 2022) (No. 22-6391), which was decided while this appeal was pending. In *Palomares*, the majority panel used a "distributive approach" to interpret § 3553(f)(1) and concluded that criminal defendants are "ineligible for safety valve relief [under § 3553(f)(1)] if they run afoul of any one of its requirements." *Palomares*, 52 F.4th at 647. Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary affirmance is proper.

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time is DENIED as unnecessary.